UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

KIMBERLY WALLACE,
          Plaintiff,

vs.

DENNIS McDONOUGH, as
Secretary, U.S. Department of
Veterans Affairs,
          Defendant.
_____/

COMPLAINT

Plaintiff, Kimberly Wallace, by her undersigned counsel, hereby files this Complaint, against the Defendant, Dennis McDonough, as Secretary of the Department of Veterans Affairs, a federal agency, and in support hereof, Plaintiff states as follows:

## I.
## JURISDICTION

1. This action is being brought pursuant to the Federal Tort Claims Act, 28 U.S.C. Section 2675(a), as well as, 28 U.S.C. Section 1346 (b); and the jurisdiction of this matter is properly before the Court, under 28 U.S.C. Sections 1331 and 1343, to secure the Plaintiff's rights for acts of personal injury caused by the negligent or wrongful act or omission of an employee of the Defendant, while acting within the scope of his office or employment, and the amount in controversy in this case, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

1

2. The wrongful acts and omissions of the Defendant, Dennis McDonough, as Secretary of the Department of Veterans Affairs, a federal agency, acting through authorized representatives and employees, caused the Plaintiff to sustain substantial mental anguish; and the Defendant was responsible for such misconduct, under circumstances, as if a private person, would be liable to the Plaintiff, in accordance with the laws of he State of Florida, see, 28 U.S.C. Section 1346 (a).

3. Plaintiff, Kimberly Wallace, was formerly employed as a house keeping aide, for the Defendant, Dennis McDonough, as Secretary, of the Department of Veterans Affairs ("Agency"), in the WG23 classification, and her duty station was located at the Miami Department of Veterans Affairs, located at 1201 Northwest 16th Street, Miami, Florida 33125, and she was subjected to egregious acts of workplace sexual harassment, on or about November 2, 2020, by a co-worker, Frederick Currie ("CURRIE"), who had previously served eight years in a Florida state prison, for molesting an eighteen year old woman, as he performed his rounds as a police officer for Florida International University, implicating the Defendant for the tortious claims of negligent hiring, negligent supervision and negligent supervision, of CURRIE, who was employed by the Defendant, as a pipefitter, in its engineering department, thereby violating the provisions of the Federal Tort Claims Act.

4. The Federal Tort Claims Act, found at 28 U.S.C. Section 2675 (a), reads in pertinent part as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall be finally denied by the agency in writing and sent by certified or registered mail. The failure of the agency to make final disposition of the claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

5. On May 27, 2021, Plaintiff provided the requisite statutory notice to the Defendant, by correspondence, the Notice of Claim, which was sent to the Defendant, by certified mail, return receipt requested, informing the Defendant of her intention to file formal legal claims against the Agency, under the Federal Tort Claims Act, for the tortious claims of negligent hiring, negligent supervision and negligent supervision. [*See*, the statutory notice and the certified return receipt, as well as confirmation of receipt, attached hereto, as **Composite EXHIBIT A**].[1]

6. The Notice of Claim, dated May 27, 2021, was sent to the Defendant, within two years of the sexual assault, perpetrated on the Plaintiff, on November 2, 2020, in accordance with the time for commencing an action against the United States, under the Federal Tort Claims Act, 28 U.S.C. Section 2401 (b).

7. Plaintiff's counsel never received a Response to the Correspondence dated May 27, 2021, the Notice of Claim, which was sent by certified mail, return receipt requested, nor did

---

[1] According to the records of the United States Postal Service, the Defendant received the statutory Notice on June 7, 2021. [*See*, **Composite EXHIBIT A**]

counsel receive a determination by the Agency, in response to the Notice of Claim, dated May 27, 2021, which was sent to the Agency, by certified mail, return receipt requested.

8. Plaintiff has complied with all statutory conditions precedent, prior to the filing of the instant action in federal district court, and therefore, Plaintiff has exhausted administrative remedies under the Federal Tort Claims Act.

## II.
## VENUE

9. A substantial part of the events and or the omissions complained of herein, occurred within Miami, Miami-Dade County, Florida, and therefore, venue is proper within the Southern District of Florida, under 28 U.S.C. Se3ctions 1391 (b), (c), and 1392 (a).

## III.
## PARTIES

10. Plaintiff, Kimberly Wallace ("WALLACE") was previously employed, by the Agency, as a house keeping aide, for the Defendant, Dennis McDonough, as Secretary, of the Department of Veterans Affairs ("Agency"), in the WG23 classification, for approximately four and one half years, and her duty station was located at the Miami Department of Veterans Affairs, located at 1201 Northwest 16th Street, Miami, Florida 33125, and on or about November 2, 2020, CURRIE, an Engineering Pipe Fitter for the Agency, exposed himself to her, followed her into a workplace bathroom and he further engaged in inappropriate behavior and he made comments of a sexual nature to the Plaintiff.

11. Defendant, Dennis McDonough, as Secretary of the Department of Veterans Affairs ("Agency," or "VA"), is the agency head of the Department of Veterans Affairs, and as

such, he is responsible for the personnel policies and practices of the Agency, implemented through its duly authorized employees and representatives.

## IV.
## FACTUAL ALLEGATIONS

12. Plaintiff, Kimberly Wallace, began working for the Agency, as a house keeping aide, for the Defendant, in the WG23 classification, on or about August 21, 2016, and she continued to be so employed, in that same position, until her constructive discharge from employment, on or about April 7, 2021.

13. On November 2, 2020, the Plaintiff, CURRIE, and another employee were present on the second floor of the VA Hospital, located at 1201 Northwest 16th Street, Miami, Florida 33125, near the research department area of the building.

14. As the Plaintiff proceeded through two double doors to enter a hallway, CURRIE approached her, and the Plaintiff merely asked CURRIE if he was feeling well, he responded that he felt fine, but that he had scheduled several doctor appointments.

15. While the Plaintiff was removing trash in front of the double doors, CURRIE stated, "Look," and then when the Plaintiff looked at CURRIE, he had his private part in his hand, and he exclaimed to WALLACE, "Come on, give me some."

16. WALLACE, then stated to CURRIE, "what the f—are you doing," and then CURRIE repeated his statement, "Come on give me some. Come on," and WALLACE responded by stating, "What is your problem?"

17. CURRIE then responded by stating, "Man. Come on. Give me some," and WALLACE responded by stating, "You know what? You are sick. F—you."

18. WALLACE attempted to separate himself from CURRIE, by running to the other side of the research department, where there is a women's bathroom, which she is responsible to keep clean, she then went inside the female bathroom.

19. CURRIE followed the Plaintiff into the female bathroom, exposing himself again, and WALLACE then forcibly pushed CURRIE away, stating, "leave me alone," hoping that someone would hear the commotion and offer her assistance.

20. However, CURRIE continued to approach WALLACE, while he was carrying two cell phones in his hands, exhibiting photographs of his private parts, stating, "is this big enough?"

21. WALLACE then said to CURRIE, "what are you tripping on," she was scared and shocked, as well as in complete disbelief of what was occurring in the workplace.

22. These egregious events of sexual assault and harassment, caused the Plaintiff to experience PTSD, a pre-existing condition, and the following evening on November 3, 2020, WALLACE sent an email message to her Chief, Passion Sullivan, indicating that she needed to formally report what had occurred in the workplace on November 2, 2020, between her and an engineering department employee, CURRIE.

23. On November 4, 2020, WALLACE provided a statement to the VA Police, relating the specific details of the sexual assault and harassment, to which she had been subjected to by CURRIE, on November 2, 2020.

24. CURRIE had been previously convicted of sexual battery, while he was serving as police officer on the Florida International University campus, he was sentenced to a ten-year prison term, of which he served eight years.

25. Moreover, CURRIE had been placed on a State Registry for sex offenders, and he was also found to be "unfit for duty," pursuant to a psychological evaluation, which had been ordered by his former employer, Florida International University.

26. The psychological evaluation, which had been ordered by Florida International University, also stated that CURRIE was prone to have dysfunctional relationships with women, resulting in "volatile and sometimes violent episodes with women."

27. Somehow, despite this sordid past criminal history, the Agency apparently found CURRIE to be "fit for duty," in a federal facility, where veterans are being attended to for their health care needs, and further, within the VA facility, CURRIE was obviously in contact with numerous women, including the Plaintiff, in the workplace.

28. It is inconceivable that an individual with such a sordid criminal history, and his status as a sex offender, could possibly pass a background check, for employment at a federal facility, where he would continuously have direct contact with the public.

### COUNT I
### (Federal Tort Claims Act, 28 U.S.C. Section 1346 (b), NEGLIGENT HIRING)

29. Plaintiff restates and reavers the allegations contained in Paragraphs 1—27 of the Complaint, as if fully set forth herein.

30. Under Florida law, for an employer to be liable for negligent hiring, a plaintiff must show the foreseeability of the employee's acts as an element of proximate cause.

31. The prior sordid an criminal acts, committed by CURRIE, provided the Agency with knowledge or notice, that he would commit acts of sexual misconduct in the workplace.

32. CURRIE had been previously convicted of sexual battery, while he was serving as police officer on the Florida International University campus, he was sentenced to a ten-year prison term, of which he served eight years.

33. Moreover, CURRIE had been placed on a State Registry for sex offenders, and he was also found to be "unfit for duty," pursuant to a psychological evaluation, which had been ordered by his former employer, Florida International University.

34. The psychological evaluation, which had been ordered by Florida International University, also stated that CURRIE was prone to have dysfunctional relationships with women, resulting in "volatile and sometimes violent episodes with women."

35. Prior to hiring CURRIE, the Defendant employer knew or should have known of CURRIE's unfitness for work in a VA medical facility.

36. Given CURRIE's past criminal history of committing a sexual battery and his inclination to have violent and or dysfunctional relationships with women, the element of foreseeability has been established, to find liability on behalf of the Defendant, for the tort of negligent hiring.

37. Despite this foreseeability, the Defendant failed to exercise reasonable care in approving CURRIE's application for employment with the VA.

38. It has been completely unreasonable for the Defendant to fail to take appropriate prescriptive actions, to deny CURRIE's application for employment, and this breach of the Defendant's duty was the proximate cause of the Plaintiff's loss.

39. WALLACE has become increasingly distraught and mentally unstable, based upon the egregious workplace conduct of CURRIE.

40. As a direct and proximate result of the events described above, the Plaintiff has suffered pain and suffering, anxiety as well as substantial mental anguish and humiliation, resulting in the loss of enjoyment of life.

**WHEREFORE**, the Plaintiff, KIMBERLY WALLACE, demands judgment against the Defendant, the United States Veterans Administration, and upon judgment, she is entitled to the following relief:

(A) Judgment for compensatory damages, in excess of $75,000, plus applicable costs;

(B) Judgment for actual damages, sustained by WALLACE,

(C) Reasonable and necessary attorney's fees; and

(D) Such other and further relief which this Court deems to be just, proper and equitable.

### COUNT II
### (Federal Tort Claims Act, 28 U.S.C. Section 1346 (b), NEGLIGENT SUPERVISION)

41. Plaintiff restates and reavers the allegations contained in Paragraphs 1—27 of the Complaint, as if fully set forth herein.

42. Under Florida law, for an employer to be liable for negligent supervision, a plaintiff must show the employer became aware, or should have become aware of problems with an

employee, which indicated his unfitness for duty, and the employer failed to take further action, such as investigation, discharge, or reassignment.

43. The prior sordid and criminal acts, committed by CURRIE, provided the Agency with knowledge or notice, that he would commit acts of sexual misconduct in the workplace.

44. CURRIE had been previously convicted of sexual battery, while he was serving as police officer on the Florida International University campus, he was sentenced to a ten-year prison term, of which he served eight years.

45. Moreover, CURRIE had been placed on a State Registry for sex offenders, and he was also found to be "unfit for duty," pursuant to a psychological evaluation, which had been ordered by his former employer, Florida International University.

46. The psychological evaluation, which had been ordered by Florida International University, also stated that CURRIE was prone to have dysfunctional relationships with women, resulting in "volatile and sometimes violent episodes with women."

47. There was certainly foreseeability between CURRIE's prior employment history, and the current tort of sexual assault and or harassment, committed by CURRIE in the workplace, against WALLACE.

48. Given CURRIE's past criminal history of committing a sexual battery and his inclination to have violent and or dysfunctional relationships with women, it was patently unreasonable for the Defendant to perform an investigation or take corrective action.

49. The Defendant failed to exercise reasonable care in supervising CURRIE, in his position in the Engineering Department, as an employee with the VA.

50. It has been completely unreasonable for the Defendant to fail to take appropriate prescriptive actions, to fully and properly supervise CURRIE, as an employee of the Defendant, and this breach of the Defendant's duty was the proximate cause of the Plaintiff's loss.

51. WALLACE has become increasingly distraught and mentally unstable, based upon the egregious workplace conduct of CURRIE.

52. As a direct and proximate result of the events described above, the Plaintiff has suffered pain and suffering, anxiety as well as substantial mental anguish and humiliation, resulting in the loss of enjoyment of life.

**WHEREFORE**, the Plaintiff, KIMBERLY WALLACE, demands judgment against the Defendant, the United States Veterans Administration, and upon judgment, she is entitled to the following relief:

(A) Judgment for compensatory damages, in excess of $75,000, plus applicable costs;

(B) Judgment for actual damages, sustained by WALLACE,

(C) Reasonable and necessary attorney's fees; and

(D) Such other and further relief which this Court deems to be just, proper and equitable.

### COUNT III
### (Federal Tort Claims Act, 28 U.S.C. Section 1346 (b), NEGLIGENT RETENTION)

53. Plaintiff restates and reavers the allegations contained in Paragraphs 1—27 of the Complaint, as if fully set forth herein.

54. Under Florida law, for an employer to be liable for negligent retention of an employee, a plaintiff must show the subject employee was committing impermissible acts, which are not within the course and scope of his employment.

55. The prior sordid and criminal acts, committed by CURRIE, provided the Agency with knowledge or notice, that he would commit acts of sexual misconduct in the workplace.

56. CURRIE had been previously convicted of sexual battery, while he was serving as police officer on the Florida International University campus, he was sentenced to a ten-year prison term, of which he served eight years.

57. Moreover, CURRIE had been placed on a State Registry for sex offenders, and he was also found to be "unfit for duty," pursuant to a psychological evaluation, which had been ordered by his former employer, Florida International University.

58. The psychological evaluation, which had been ordered by Florida International University, also stated that CURRIE was prone to have dysfunctional relationships with women, resulting in "volatile and sometimes violent episodes with women."

59. Given CURRIE's past criminal history of committing a sexual battery and his inclination to have violent and or dysfunctional relationships with women, and CURRIE's acts of misconduct toward WALLACE, were certainly not performed during the course and scope of his employment, thereby comprising the tort of negligent retention.

60. The Defendant failed to exercise reasonable care in retaining CURRIE, as an employee with the VA.

61. It has been completely unreasonable for the Defendant to fail to take appropriate prescriptive actions, to deny CURRIE's very presence in the workplace, and or to retain him as an employee, and this breach of the Defendant's duty was the proximate cause of the Plaintiff's loss.

62. WALLACE has become increasingly distraught and mentally unstable, based upon the egregious workplace conduct of CURRIE.

63. As a direct and proximate result of the events described above, the Plaintiff has suffered pain and suffering, anxiety as well as substantial mental anguish and humiliation, resulting in the loss of enjoyment of life.

**WHEREFORE**, the Plaintiff, KIMBERLY WALLACE, demands judgment against the Defendant, the United States Veterans Administration, and upon judgment, she is entitled to the following relief:

(A) Judgment for compensatory damages, in excess of $75,000, plus applicable costs;

(B) Judgment for actual damages, sustained by WALLACE,

(C) Reasonable and necessary attorney's fees; and

(D) Such other and further relief which this Court deems to be just, proper and equitable.

Respectfully submitted,

Mark J. Berkowitz, P.A.
Attorney for Plaintiff
One Ten Tower.
110 S.E. 6th St.
Suite 1700
Fort Lauderdale, FL 33301
(954) 527-0570 Telephone
(954) 281-5881 Telecopier
E-mail: labor@markjberkowitz.com
Fla Bar No. 369391

/s/ Mark J. Berkowitz
Mark J. Berkowitz

Dated on this 11th day of January, 2023.